**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHALMON J. STENNIS, ET AL.,**<br>**Plaintiffs** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 24-269** |
| **THE MOORINGS OF OAK HARBOR PROPERTY OWNERS' ASSOCIATION, INC., ET AL.,**<br>**Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Seal Settlement Agreement and Related Declaration.[1] The motion is unopposed.

## BACKGROUND

This case originally arose as a fair housing claim brought by Plaintiffs Shalmon J. Stennis and Dr. Lauren Stennis, DDS, against Defendants The Moorings of Oak Harbor Property Owners' Association, Inc., Community Management, LLC, Michael Felger, and Kelly Campbell.[2] On October 28, 2025, Plaintiffs notified the Court that the parties had reached a settlement, and the Court entered a 60-day order the following day.[3]

On July 29, 2026, Defendants filed two motions: (1) a motion to enforce the settlement agreement between the parties[4] and (2) the present motion to file into the record under seal both the settlement agreement at issue as well as a declaration of Defendant Michael Felger, which pertains to the settlement agreement.[5]

---

[1] R. Doc. 70.
[2] *See* R. Doc. 1.
[3] *See* R. Docs. 68-69.
[4] R. Doc. 71.
[5] R. Doc. 70.

Defendants argue the settlement contains "an express confidentiality provision requiring that the agreement, the settlement negotiations, the existence and terms of the settlement, and the settlement consideration remain confidential except as required by law or court order."[6] They argue the declaration, in a similar vein, "discloses confidential information, including specific settlement terms, consideration exchanged by the parties, and contractual obligations undertaken as part of the settlement."[7] Defendants seek to have the documents remain under seal until final disposition of the related motion to enforce settlement agreement, at which point Defendants request the documents be permanently deleted from the record.[8]

## LAW AND ANALYSIS

### I. The Defendants have failed to comply with Local Rule 5.6

Local Rule 5.6(A) recognizes "the right of the public to access material filed with the court" and accordingly imposes certain requirements on parties seeking to file a document under seal. The rule provides:

> All reasonable alternatives to filing under seal must be explored, including a line-by-line analysis of the documents or other tangible item (including documents marked confidential under a protective order) to redact only the truly sensitive information rather than simply seeking to file the entire document or other item under seal. The redacted document or other item may then be publicly filed, with the unredacted version filed under seal.

Local Rule 5.6(D)(1) enumerates the requirements a moving party seeking to designate a document as confidential must meet. They are: "(a) [a] non-confidential description of the portions of the document sought to be sealed (e.g., personal identifiers in medical records); (b) [a] statement as to why sealing is necessary; (c) [r]eference to governing case

---

[6] R. Doc. 70-1 at p. 2.
[7] *Id.*
[8] R. Doc. 70 at p. 1.

law; and (d) [a] statement of the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon sealing."[9]

Defendants recite the requirements of Local Rule 5.6(D)(1) but fail to satisfy them. With respect to (a), Defendants do not provide a non-confidential description of the redacted portions of the document, instead referring to the documents in their entirety.[10] With respect to (b) Defendants' reference to "confidentiality interests" does not establish the necessity of sealing.[11] With respect to (c), Defendants' references to case law do not address the current governing practice in the Fifth Circuit requiring the movant to identify specific harm caused by disclosure.[12] With respect to (d), Defendants suggest the documents be kept sealed until this action has been finally resolved, and that they then be permanently deleted from the record.[13]

Defendants have failed to comply with Local Rule 5.6(D) and the motion may be denied for this reason alone. Furthermore, the Defendants have failed to comply with the directive of the Fifth Circuit on which our Local Rule is based.

## II. The Fifth Circuit counsels a strong presumption in favor of public access.

The Fifth Circuit has directed district courts to examine carefully any request to seal. "Judicial records are public records. And public records, by definition, presume public access."[14] This presumption "gives the federal judiciary 'a measure of

---

[9] LR 5.6(D)(1).
[10] *See* R. Doc. 70-1 at pp. 1-2.
[11] *See id.* at p. 2.
[12] *See id.* at pp. 3-4; *see, e.g.*, *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251 at *4 (E.D. La. Aug. 12, 2015).
[13] *See* R. Doc. 70-1 at p. 5 ("Defendants request that the unredacted Settlement Agreement and declaration remain sealed for the duration of this litigation and any appeal therefrom, or until further order of this Court.").
[14] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).

accountability,' in turn giving the public 'confidence in the administration of justice.'"[15] In determining whether to seal a document, then, the Court "must balance the public's common law right of access against the interests favoring nondisclosure."[16] There is a strong presumption in favor of public access,[17] and the Fifth Circuit has counseled that courts "should be ungenerous with their discretion to seal judicial records."[18] "In order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to [the] document."[19] The Fifth Circuit has not identified the limits of what "specific harm" sufficient to outweigh the public's interest entails, but examples include the exposure of "trade secrets or the identities of confidential informants."[20] Confidentiality interests of the parties, lacking more, do not suffice. "Courts within [the Fifth Circuit] have repeatedly held that a decision to seal is not properly predicated on a movant's mere allegations that documents contain confidential material."[21]

## III. Defendants' proffered reasons for sealing are not sufficient to surmount the presumption of public access.

Defendants assert their request to file documents under seal "is necessary to protect the confidentiality interests embodied in the parties' agreement."[22] Further, Defendants argue the settlement agreement is not, at present, subject to the presumption

[15] *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).
[16] *SEC v. VanWaeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993).
[17] *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *VanWaeyenberghe*, 990 F.2d at 848.
[18] *Binh Hoa Le*, 990 F.3d at 418.
[19] *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251 at *4 (E.D. La. Aug. 12, 2015).
[20] *Binh Hoa Le*, 990 F.3d at 419.
[21] *Omega Hosp., LLC*, 2015 WL 13534251 at *4. *See N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015); *Weiss v. Allstate Ins. Co.*, No. CIV.A. 06-3774, 2007 WL 2377119 at *4 (E.D. La. Aug. 16, 2007); *Lilheberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. CIV.A. 04-2780, 2005 WL 1309158 at *2 (E.D. La. May 19, 2005).
[22] R. Doc. 70-1 at p. 2.

of public access because it is not yet a judicial record.[23] Defendants urge that the settlement agreement "remained a private contractual agreement between private litigants and only becomes relevant now because Defendants seek judicial enforcement of obligations Plaintiffs failed to perform."[24] Defendants also cite a 2012 unreported Fifth Circuit case affirming a district court's sealing order on the basis that confidentiality was a material inducement to settlement.[25]

Courts are "duty-bound to protect public access to judicial proceedings and records."[26] This duty even applies in a case, such as this one, in which the non-movant does not oppose the request to seal, because litigants "have no incentive to protect the public's right of access."[27] In the Fifth Circuit, a party seeking to file a judicial record under seal should be able to articulate "specific harm created by the disclosure[.]"[28] A movant's mere allegations that the document contains confidential material do not suffice.[29] Here Defendants' reference to "confidentiality interests" does not meet this standard and does not outweigh the interest of the public in access to court records.

Defendants' argument that their private settlement agreement is not a public record lacks merit. "Once a settlement is filed in district court, it becomes a judicial record" and the presumption in favor of the public's common law right of access applies.[30] The basis for any order enforcing the settlement agreement the Court may issue would be

---

[23] *Id.* at p. 3 (citing *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 226 (5th Cir. 2020)).
[24] *Id.* at pp. 3-4.
[25] *Id.* at p. 4 (citing *Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012)).
[26] *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021).
[27] *See id.* at 419 (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019)).
[28] *See Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).
[29] *See Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251 at *4 (E.D. La. Aug. 12, 2015).
[30] *Bradley on behalf of AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020) (quoting *SEC v. VanWaeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993)).

the terms of the settlement agreement, and the public has a right to know the basis for the decisions this Court renders.

The Fifth Circuit has provided guidance as to what reasons might outweigh the presumption in favor of the public's right of access, indicating that the protection of trade secrets or the identities of confidential informants could justify filing a document under seal.[31] Defendants' invocation of "the confidentiality interests embodied in the parties' agreement"[32] is not a justification equivalent to either of these examples, and so it does not meet the present-day Fifth Circuit standard. Nor does the unreported Fifth Circuit case cited by Defendants persuade the Court to seal the settlement agreement.[33] The case is from 2012, and the Fifth Circuit's approach to sealing requests has become more strict since then.[34] In 2021, the Fifth Circuit criticized the then-commonplace practice of courts "sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps."[35] Such is the Defendants' request today. The Court finds the public's right to access judicial records outweighs the confidentiality interests of the Defendants in this case.

Accordingly,

**CONCLUSION**

**IT IS ORDERED** that the Defendants' Motion to Seal is **DENIED**.

**IT IS FURTHER ORDERED**, in accordance with Local Rule 5.6(G), that Defendants are given until on or before **Tuesday, November 3rd**, to file a motion to

[31] *See Binh Hoa Le*, 990 F.3d at 419.
[32] R. Doc. 70-1 at p. 2.
[33] *See Seals v. Herzing Inc.-New Orleans*, 482 F. App'x 893, 896 (5th Cir. 2012).
[34] *See Binh Hoa Le*, 990 F.3d at 416-421.
[35] *See id.* at 417.

withdraw the documents and the motion to enforce settlement agreement from the record, in the absence of which the documents will be filed as a public record.

**New Orleans, Louisiana, this 27th day of October, 2026.**

Susie Morgan

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**