**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHALMON J. STENNIS, ET AL.,**<br>**Plaintiffs** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 24-269** |
| **THE MOORINGS OF OAK HARBOR PROPERTY OWNERS' ASSOCIATION, INC., ET AL.,**<br>**Defendants** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Rule 11 Sanctions.[1] Defendants filed an opposition and Plaintiffs filed a reply.[2]

## BACKGROUND

This case originally arose as a fair housing claim brought by Plaintiffs Shalmon J. Stennis and Dr. Lauren Stennis, DDS, ("Plaintiffs") against Defendants The Moorings of Oak Harbor Property Owners' Association, Inc., Community Management, LLC, Michael Felger, and Kelly Campbell ("Defendants").[3] On October 28, 2025, Plaintiffs notified the Court that the parties had reached a settlement, and the Court entered a 60-day order the following day.[4]

On July 29, 2026, Defendants filed a motion to enforce the settlement agreement between the parties in which they asserted that Plaintiffs had not complied with the settlement agreement.[5] Plaintiffs filed an opposition to that motion, in which they argued the motion to enforce settlement agreement was moot, because they had complied with

[1] R. Doc. 74.
[2] R. Docs. 75 and 76.
[3] *See* R. Doc. 1.
[4] *See* R. Docs. 68-69.
[5] R. Doc. 71.

the settlement agreement after.[6] Defendants subsequently filed a reply disputing Plaintiffs' compliance with the settlement agreement.[7]

In the instant motion, Plaintiffs argue Defendants' motion to enforce settlement agreement and the reply to Plaintiffs' opposition to the motion to enforce settlement agreement were filed for the improper purpose of harassment in violation of Fed. R. Civ. P. 11(b)(1) and, accordingly, Plaintiffs request the Court impose sanctions on the Defendants under Fed. R. Civ. P. 11(c).[8]

**<u>LAW AND ANALYSIS</u>**

Under Rule 11(b)(1) of the Federal Rules of Civil Procedure, an attorney's signature on a pleading certifies that to the best of the attorney's knowledge, information, and belief, the pleading "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Rule 11(c)(1) of the Federal Rules of Civil Procedure empowers a court, after notice and reasonable opportunity to respond, to "impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation."

Rule 11(c)(2) provides a "safe harbor" provision, which allows a party that may be in violation of Rule 11(b)(1) a twenty-one day period to cure its alleged violation before the filing of any motion for sanctions.[9] Rule 11(c)(2) provides:

> *Motion for Sanctions*. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court

[6] *Id.* at p. 1.
[7] R. Doc. 73.
[8] *See* R. Doc. 74-1 at p. 4.
[9] *See* FED. R. CIV. P. 11(c); 5A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1337.2 (4th ed. 2026).

> may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

The Fifth Circuit has interpreted Rule 11(c)(2) as a "mandatory prerequisite" that must be met prior to a party filing a Rule 11 motion for sanctions.[10]

In their opposition, Defendants assert that the first notice they received of Plaintiffs' motion for sanctions "was when it was filed into the record on September 22, 2026."[11] Defendants argue that, since they did not receive the twenty-one day notice period prior to the filing of the instant motion mandatory under the safe harbor provision of Fed. R. Civ. P. 11(c)(2), Plaintiffs' motion is procedurally deficient and should be dismissed.[12]

In their reply, Plaintiffs present emails exchanged with Defendants prior to filing the motion for sanctions.[13] The email exchange concerns Plaintiffs' compliance with the terms of the settlement agreement.[14] In one email, plaintiffs' counsel asks defense counsel whether her client would agree to withdrawing the motion to enforce settlement agreement.[15] Plaintiffs argue these emails demonstrate an "attempt[] to resolve the matter prior to moving for sanctions," which they believe meets with the requirements of Rule 11(c)(2).[16]

The email exchange Plaintiffs have offered does not meet the requirements of Rule 11(c)(2). The safe harbor provision requires that Plaintiffs serve Defendants with their

---

[10] *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 378 (5th Cir. 2022) (citing *Elliot v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995)).
[11] R. Doc. 75 at p. 2.
[12] *Id.*
[13] R. Doc. 76-1.
[14] *See id.*
[15] *See id.* at p. 3.
[16] R. Doc. 76 at p. 1.

motion for sanctions twenty-one days before the motion is presented to the Court.[17] The email exchange presented in Plaintiffs' reply does not amount to service of the motion for sanctions.[18] Plaintiffs' motion for sanctions is procedurally defective under Fed. R. Civ. P. 11(c)(2), and the Court will deny the motion on that basis.

The Court further notes that it is not harassment under Fed. R. Civ. P. 11(b)(1) to make efforts to enforce a settlement agreement when compliance with the settlement agreement is in dispute.

Accordingly,

**CONCLUSION**

**IT IS ORDERED** that the Motion is **DENIED**.

**New Orleans, Louisiana, this 18th day of November, 2026.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

[17] *See* FED. R. CIV. P. 11(c)(2); 5A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1337.2 (4th ed. 2026).
[18] *See* R. Doc. 76-1.